[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 4, 2011
JOHN LEY
CLERK

No. 09-13891
Non-Argument Calendar
_____

D. C. Docket No. 97-00213-CR-T-17TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HANDY BAILEY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 4, 2011)

Before EDMONDSON, PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Handy Bailey, Jr., a pro se federal prisoner convicted of crack-cocaine

offenses, appeals the district court's denial of his motion for "reexamination" of an

earlier denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. Bailey argues that the district court wrongly construed his pleading as a motion for reconsideration instead of a new section 3582(c)(2) motion. Even if we accept Bailey's contention that his "reexamination" motion was a new section 3582(c)(2) motion (and not a motion for reconsideration), no reversible error has been shown; we affirm.

Bailey's motion seeks a section 3582(c)(2) reduction of sentence in the light of Amendment 713 to the sentencing guidelines and the Supreme Court's decision in Spears v. United States, 129 S.Ct. 840 (2009). Amendment 713, subject to technical changes effected by Amendment 711, made retroactively applicable the crack-cocaine offense-level revisions to U.S.S.G. § 2D1.1 that were effected by Amendment 706. But Bailey was sentenced as a career offender under U.S.S.G. § 4B1.1; his guidelines range was not based on the crack-cocaine provisions of U.S.S.G. 2D1.1. Because none of the sentencing guidelines amendments to which Bailey cites have the effect of reducing the applicable guideline range for career offenders, Bailey is entitled to no section 3582(c)(2) relief based on those amendments. See United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir. 2008).[1]

---

[1]Bailey's earlier filed motion for sentence reduction based on Amendments 706 and 711 to the sentencing guidelines was denied with citation to Moore. That denial was summarily

Bailey argues that <u>Spears v. United States</u>, 129 S.Ct. 840 (2009) implicitly overruled <u>Moore</u> by holding that district courts have discretion to reject the sentencing guidelines' policy statements. Bailey's reliance on <u>Spears</u> is misplaced. <u>Spears</u> involved an original sentencing, not a sentence modification after qualifying for relief under section 3582(c)(2). In the light of the limited scope and purpose of section 3582(c)(2), sentence modifications under that section do not implicate the interests identified in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). <u>Dillon v. United States</u>, 130 S.Ct. 2683, 2692 (2010).

AFFIRMED.[2]

---

affirmed on appeal following the consolidation of Bailey's appeal with other appeals from career offenders seeking section 3582 relief. While we are accepting Bailey's contention that his citation to Amendment 713 and <u>Spears</u> allows the instant motion to be treated as a new section 3582(c) motion, the relief sought is based on the substantive change effected by Amendment 706.

[2]Because we accept that Bailey filed a new section 3582(c)(2) motion, we need not address the jurisdictional issues raised by the government about motions to reconsider criminal matters.